Filed 6/11/26  P. v. Jaimez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086129 |
| v. | (Super.Ct.No. RIF10001695) |
| ROLANDO JAIMEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles Ragland and Arlene A. Sevidal, Assistant Attorneys General, Jon S. Tangonan, Deputy Attorney General, for Plaintiff and Respondent.

1

## INTRODUCTION

A jury found defendant and appellant Rolando Jaimez guilty of kidnapping (Pen. Code[1], § 207, subd. (a), count 1), assault with a deadly weapon (§ 245, subd. (a)(1), counts 2 and 3), and dissuading a witness (§ 136.1, subd. (c)(1), count 4). The trial court originally sentenced defendant to 29 years four months in state prison, ordered him to pay $800 in restitution under section 1202.4, subdivision (b), and awarded him custody credits. The court subsequently resentenced him and struck all fines and fees.

On appeal, defendant contends the court failed to accurately recalculate his custody credits at the most recent sentencing hearing, and the abstract of judgment erroneously lists section 1202.4, subdivision (b) fine that was stricken. The People concede both points, and we agree. We also note a clerical error on a minute order that should be corrected. Therefore, we remand the matter for the court to recalculate defendant's custody credits. We also direct the superior court clerk to correct the error in the abstract of judgment and the error on the minute order. In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND[2]

In August 2010, defendant was charged by information with kidnapping (§ 207, subd. (a), count 1), two counts of assault with a deadly weapon (§ 245,

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Because the facts of the underlying offenses are not relevant to the issues on appeal, we have not included a statement of the facts.

subd. (a)(1), counts 2 & 3), and dissuading a witness (§ 136.1, subd. (c)(1), count 4). The information further alleged enhancements for personal infliction of great bodily injury (GBI) (§ 12022.7, subd. (b), counts 2 & 3), the commission of counts 1 through 4 while on bail (§ 12022.1), two prison priors (§ 667.5, subd. (b)), and one prior strike conviction (§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1)).

On November 11, 2010, a jury found defendant guilty on all counts and found the GBI allegations true. Following a court trial, the trial court found the remaining enhancement allegations true.

On July 19, 2011, the court sentenced defendant to a total term of 29 years four months in state prison and awarded a total of 796 days of custody credit, which included 693 actual days plus 103 days of conduct credit.

In April 2015, following notification from the Department of Corrections and Rehabilitation (CDCR), the trial court corrected an error related to the term imposed on count 4 and resentenced defendant to a total term of 30 years four months.

In November 2023, pursuant to section 1172.75, the court recalled defendant's sentence, struck the two invalid prison prior enhancements, resentenced defendant to a total term of 28 years four months, and continued the matter for a further resentencing hearing.

On May 12, 2025, the court conducted the continued resentencing hearing and resentenced defendant to a total prison term of 26 years eight months. At the

hearing, defense counsel requested all fines and fees to be stricken due to defendant's indigency. The trial court granted the request, stating it would "strike any fees and fines that were not a part of actual victim restitution." The court also addressed custody credits, noting defendant's sentencing credits at the time of his original sentencing on July 19, 2011, totaled 796 days based on 693 actual days plus 103 conduct credits. The court asked the prosecutor what defendant's actual days of credit were "from sentencing to now," and the prosecutor said defendant had accrued 5,046 actual days. The court responded, "Thank you. And CDCR will calculate any conduct credits."

The amended abstract of judgment filed after the May 12, 2025 hearing lists total credits of 796 days (693 actual and 103 conduct) and includes a notation stating, "Post sentencing credits 5046 days. CDCR to calculate conduct credits. Any [d]isputes to be resolved in court hearing." The amended abstract also lists the $800 restitution fine pursuant to section 1202.4, subdivision (b).

Defendant filed a timely notice of appeal.

DISCUSSION

I. The Case Should Be Remanded for the Trial Court to Recalculate Defendant's Custody Credits

Defendant contends the trial court failed to accurately award him his actual days of custody credits at the May 12, 2025 resentencing hearing. The People concede, and we agree.

4

On May 12, 2025, the resentencing court failed to recalculate defendant's custody credits, and the abstract of judgment issued from that hearing reflects the same number of custody credits as the original sentencing court ordered in 2011 (693 actual plus 103 conduct credits for a total of 796 credits). Our Supreme Court determined that when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody"].) Thus, the matter should be remanded for defendant's custody credits to be recalculated, and the abstract of judgment should be amended accordingly.

II. The Restitution Fine Under Section 1202.4 Should Be Stricken From the Abstract of Judgment

Defendant contends section 1202.4, subdivision (b) restitution fine in the amount of $800 listed on the abstract of judgment filed after the May 12, 2025, resentencing hearing should be stricken, since the court granted his request to strike all fees and fines, except for direct victim restitution. The People concede, and we agree.[3]

---

[3] In light of our conclusion, it is unnecessary to address defendant's alternative argument that the fine should be stricken because it was originally imposed over 10 years ago.

In a criminal case, the oral pronouncement of judgment constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*); *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324 (*Scott*).) Where a discrepancy exists between the oral pronouncement and the abstract of judgment, the oral pronouncement controls. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) An abstract of judgment that includes fines or conditions not orally imposed reflects a clerical error that may be corrected at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *Scott*, *supra*, 203 Cal.App.4th at p. 1324.)

At the resentencing hearing held on May 12, 2025, defense counsel asked the court to strike all fines and fees. The court granted the request as to any fines and fees that were not part of the "actual victim restitution." Notwithstanding the court's oral pronouncement, the abstract of judgment lists the $800 restitution fine pursuant to section 1202.4, subdivision (b). Because the court struck this fine, its inclusion in the abstract constitutes a clerical error. On remand, the superior court clerk should correct the abstract of judgment.

III. The November 11, 2010 Minute Order Should Be Amended

Although not raised by the parties, we note an additional clerical error. In count 4, defendant was convicted of dissuading a witness, under section 136.1, subdivision (c)(1). However, the minute order dated November 11, 2010, reflects that the jury found him guilty of dissuading a witness, under section 136.1, subdivision (b)(1). In the interest of accuracy and clarity, upon remand, the superior court clerk should amend the November 11, 2010 minute order to reflect

that defendant was convicted under section 136.1, subdivision (c)(1), on count 4. (*People v. Candelario* (1970) 3 Cal.3d 702, 705 ["a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts"]; see *Mesa*, *supra*, 14 Cal.3d at p. 471.)

DISPOSITION

The matter is remanded with directions for the trial court to recalculate defendant's custody credits. The clerk of the superior court is directed to correct the abstract of judgment by deleting the $800 listed under section 1202.4, subdivision (b) restitution fine, and correct the November 11, 2010, minute order to reflect that defendant was convicted under section 136.1, subdivision (c)(1) on count 4. After the trial court recalculates the custody credits and the amendments have been made to the abstract of judgment, the clerk is directed to forward a certified copy of the amended abstract of the judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.


We concur:

MILLER
          Acting P. J.
RAPHAEL
                    J.

8